UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

─────────────────────────────────

**MICHAEL ANTHONY WARREN,**    Civil No. 05-0754 (JRT/JJG)

     **Petitioner,**

   **v.**    **REPORT AND RECOMMENDATION**

**J.F. CARAWAY,**
**Acting Warden,**

     **Respondent.**

─────────────────────────────────

JEANNE J. GRAHAM, United States Magistrate Judge

The above-captioned matter comes before the undersigned on Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and on Respondent's Motion to Dismiss (Doc. No. 11). Petitioner claims the Bureau of Prisons ("BOP") wrongly determined the date when he is eligible for transfer from prison to a halfway house. Respondent filed a response to the petition (Docket No. 5) contending that consideration of Petitioner's transfer date has been properly determined, and that Petitioner is not entitled to any relief in this case. Following the transfer of Petitioner to a halfway house in December, 2005, Respondent filed a Motion to Dismiss (Doc. No. 11).

This matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, this Court recommends that Petitioner's petition be dismissed as moot, Respondent's motion to dismiss be granted, and the entire action dismissed with prejudice.

**RELEVANT BACKGROUND**

On April 14, 2005, Petitioner, a federal prisoner (Register Number 09439-041) then housed at the Federal Prison Camp in Duluth, Minnesota, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (See Doc. No. 1 at 1-2, 7).  Petitioner was serving a 21-month sentence, imposed by United States District Judge Tunheim, for a Supervised Release violation.  At the time he filed his petition, Petitioner's projected release date from prison was January 24, 2006, after application of accrued good time credit.  (Doc. No. 1 at 3).

The petition asserts that the BOP staff's discriminated against Petitioner by not granting him 180 days placement in a halfway house.  (Id. at 4).  Petitioner claims the BOP staff first advised him he would only be eligible for 90 days placement due to his 21-month sentence, but later reduced that time to 60 days because he was a parole violator.  (Id.).  Petitioner claims the BOP then changed his halfway house placement to 54 days.  (Id.).

On May17, 2005, Respondent filed a Response to Petitioner's petition seeking dismissal the habeas petition.  (Doc. No. 5).  In that response, the United States argued that no inmate was entitled to serve more than the last ten-percent of their incarceration in a halfway house pursuant to 18 U.S.C. § 3624(c) (2000), except in extremely rare circumstances.  (Id. at 5).  Respondent represented that the BOP had determined Petitioner eligible for a 60 day placement, pending his participation in the Release Preparation Program, and that Petitioner would be eligible for release to a halfway house on November 25, 2005.  (Id. at 6).  Respondent stated Petitioner might have received up to a 90 day placement based upon his 21-month sentence, however, because he had previously failed while in a halfway

house, BOP staff were only planning to recommend 60 days, making petitioner's release date December 1, 2005. (Id.). Petitioner contends he is eligible for release to a half-way house in July 2005. (Doc. No. 2, at 7). Therefore the Court finds the dispute presented to the Court is whether Petitioner should have been released to a halfway house in July 2005, as Petitioner claims, or on December 1, 2005, as the BOP claims.

On January 3, 2006, Respondent filed a Motion to Dismiss Petitioner's Habeas Petition As Moot (Doc. No. 11). In its motion, Respondent notified this Court that on December 29, 2005, Assistant United States Attorney Regina Hammes was advised by the BOP that Petitioner had been transferred to a Community Corrections Center, specifically the Volunteers of America. (Id. at 1). Respondent indicated that Petitioner's transfer to the Volunteers of America halfway house occurred on December 1, 2005, and that Petitioner will be housed at that facility until his projected release date of January 24, 2006. (Id. at 1-2).

**DISCUSSION**

The exercise of judicial authority requires the presence of a case or controversy. U.S. Const. art. III, § 2, cl. 1. One component of the case or controversy requirement is that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (emphasis added). The only exception to the redressibilty requirement is where "some concrete and continuing injury. . . some 'collateral consequence' of the conviction" is present. Id.

The Court finds that, because Petitioner was released to a halfway house on December 1, 2005, it is not possible for this Court to grant the Petitioner the relief he requested in his petition. Thus,

3

there is no longer a case or controversy to litigate, no concrete and continuing injury exists, and this case and the petition now before the Court must be dismissed as moot.  See e.g., Elwood v. Sanders, 152 Fed. Appx. 558, 558 (8th Cir. 2005) (per curiam) (dismissing habeas petition as moot because the petitioner' release to a CCC during the pendency of his appeal made it impossible for the court to grant the petitioner's requested relief that he be released to a lower security prison prior to his release to a CCC); Hernandez v. Fed. Bureau of Prisons, Civ. No. 04-5200 (BBK), 2005 WL 3527252, at *2-*3 (D.N.J. Dec. 22, 2005) (noting that the petitioner's habeas claim which sought release to a halfway house on July 6, 2005 became moot when he was released to a halfway house on October 17, 2005, two months prior to the court's ruling).

**CONCLUSION**

Therefore, **IT IS HEREBY RECOMMENDED that:**

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1) be **DISMISSED as MOOT** since a more favorable decision on the merits would not entitle Petitioner to any additional relief;

2. Respondent's Motion to Dismiss (Doc. No. 11) be **GRANTED**; and

3. Petitioner's case be **DISMISSED WITH PREJUDICE**.

Dated: February 21, 2006                               s/Jeanne J. Graham

                                                       _____
                                                       JEANNE J. GRAHAM
                                                       United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by March 10, 2006.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.